# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **OHIO STEEL INDUSTRIES, INC.,** | : | |
| Plaintiff, | : | Civil Action 2:15-cv-1869 |
| v. | : | Judge Algenon L. Marbley |
| **OXCART PRODUCTS, LLC,** *et al.*, | : | Magistrate Judge Elizabeth P. Deavers |
| Defendants. | : | |

## PRELIMINARY PRETRIAL ORDER

The Court conducted a preliminary pretrial on December 8, 2015. All parties were represented by counsel.

### Allegations in the Pleadings and Jury Demand

This is a patent infringement case. Plaintiff claims that Defendants are selling a lawn and garden carts with pivoting dump beds, and carts with pivotal tow bars and containers that infringe its United States Patent Nos. 8,496,298 ("the '298 patent") and 9,056,573 ("the '573 patent"), respectively. Defendants generally deny liability and maintain that their products do not infringe Plaintiff's patents. They assert a counter claim for declaratory judgment of invalidity.

### Rule 26(a)(1) Initial Disclosures

The parties have made their Rule 26(a)(1) disclosures.

### Jurisdiction and Venue

Venue is proper in the Southern District of Ohio, Eastern Division. There are no contested issues involving personal jurisdiction, subject matter jurisdiction, or venue.

### Amendments to Pleadings and/or Joinder of Parties

The parties do not anticipate any additional amendments or joinder of parties.

**Limitations on Discovery**

The parties may, without further leave of Court, agree to exceed the limits on discovery established by the Federal Rules of Civil Procedure or the Local Rules of this Court. Absent agreement, the parties will arrange a conference with the Court. Fact and expert discovery on the issue of willful infringement, however, is **STAYED** in accordance with S.D. Ohio Pat. R. 107.3.

**Patent Case Schedule, S.D. Ohio Pat. R. 103-105**

The Southern District of Ohio Patent Rules apply to this case, and result in the following schedule:

- A. The party claiming patent infringement, shall produce or make available for inspection and copying the documents set forth in S.D. Ohio Pat. R. 103.1(b) by **DECEMBER 22, 2015;**

- B. The party claiming patent infringement, must serve on all parties the Disclosure of Asserted Claims and Infringement Contentions described in S.D. Ohio Pat. R. 103.2 by **JANUARY 7, 2016.**

- C. The party opposing a claim of patent infringement, shall produce or make available for inspection and copying the documents set forth in S.D. Ohio Pat. R. 103.3 by **FEBRUARY 8, 2016;**

- D. The party opposing a claim of patent infringement, must serve on all parties the Invalidity Contentions described in S.D. Ohio Pat. R. 103.4 by **FEBRUARY 22, 2016;**

- E. Each party will simultaneously exchange the Proposed Claim Terms and Phrases for Construction described in S.D. Ohio Pat. R. 105.1 by **MARCH 7, 2016;**

- F. The parties shall meet to discuss possible mediation regarding the claims and defenses described in S.D. Pat. R. 104.1 by **MARCH 15, 2016**.

- G. Each party contending a claim term or phrase should be construed by the Court shall provide the parties with the proposed Preliminary Claim Constructions of each such term or phrase described in S.D. Ohio Pat. R. 105.2(a) and supporting evidence by **MARCH 28, 2016;**

- H. Each party disputing a Preliminary Claim Constructions shall provide all parties with their proposed constructions for the disputed term or phrase ("Responsive Preliminary Claim Construction") described in S.D.

2

        Ohio Pat. R. 105.2(b) and supporting evidence by **APRIL 18, 2016;**

I.     The parties shall meet and confer regarding claim construction issues as described in S.D. Ohio Pat. R. 105.2(c) by **MAY 5, 2016;**

J.     The parties shall file a Joint Claim Construction and Prehearing Statement as described in S.D. Ohio Pat. R. 105.2(d) by **MAY 25, 2016;**

K.     The parties shall complete discovery related to Claim Construction as described in S.D. Ohio Pat. R. 105.3 by **JULY 25, 2016;**

L.     Each of the parties shall file and serve an Opening Claim Construction Brief as described in S.D. Ohio Pat. R. 105.4(a) by **AUGUST 8, 2016;**

M.     Each of the parties shall file and serve a response to the other party's Opening Claim Construction Brief, and any objections to extrinsic evidence, as described in S.D. Ohio Pat. R.105.4(b) by **SEPTEMBER 7, 2016.**

**Experts' Disclosures**

The Court will reconvene the parties after a ruling on claims construction to establish firm deadlines for these matters. Generally, however, the following schedule will apply:

A.     Each party shall make its initial expert witness disclosures, as required under Fed. R. Civ. P. 26, on the issues on which each bears the burden of proof (other than those related to claim construction) within thirty (30) days after the Court's ruling on claim construction (S.D. Ohio Pat. R. 106.1(a));

B.     Each party shall make its initial expert witness disclosures, as required under Fed. R. Civ. P. 26, on the issues on which the opposing party bears the burden of proof within thirty (30) days after the disclosures required by S.D. Ohio Pat. R. 106.1(a) (S.D. Ohio Pat. R. 106.1(b));

C.     Each party shall make its rebuttal expert witness disclosures, as permitted under Fed. R. Civ. P. 26, within fourteen (14) days after the disclosures required by S.D. Ohio Pat.

R. 106.1(b) (S.D. Ohio Pat. R. 106.1(c)); and

D. Expert depositions, if any, shall commence within fourteen (14) days after rebuttal disclosures are served and shall be completed within sixty (60) days after commencement of the expert deposition period (S.D. Ohio Pat. R. 106.2).

If the foregoing does not accurately reflect the matters considered and the agreements reached at the conference, counsel will please immediately make their objections in writing.

If any date set in this Order falls on a Saturday, Sunday or legal holiday, the date of the next business day will control.

DATE: December 10, 2015            /s/  *Elizabeth A. Preston Deavers*
                                   **ELIZABETH A. PRESTON DEAVERS**
                                   **UNITED STATES MAGISTRATE JUDGE**